In re **MEDICAR AMBULANCE COMPANY, INC.,** Debtor.

**MEDICAR AMBULANCE COMPANY, INC.,** Plaintiff,

v.

Elliott **KRAMER,** et al., Defendants.

No. C 93–20488 JW.

United States District Court, N.D. California.

Oct. 25, 1994.

Theresa L. Pfeiffer, Los Gatos, CA, for debtor/plaintiff.

Mary F. Dooley, Asst. U.S. Atty., San Francisco, CA, for defendants.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

WARE, District Judge.

Based upon the briefing schedule set by the Court, the parties filed cross-motions for summary judgment. The motions were heard on October 21, 1994. Good cause appearing therefor, the Court GRANTS Defendant's motion and DENIES Plaintiff's motion, as discussed below.

### I. BACKGROUND

Plaintiff/Debtor ("Plaintiff") is a provider of ambulance and wheelchair services, and has provided Medicare patients with such services. By this motion, Plaintiff seeks to have its property, consisting of office records, medical files and other materials, returned. The property was seized by the Office of Investigations, division of the Office of Inspector General ("OIG") of the Department of Health and Human Services on May 8, 1992, pursuant to a search warrant issued by Magistrate Judge Patricia V. Trumbull. The records currently remain in the possession of the San Francisco Field Office of the OIG, pending further investigation of Plaintiff's medicare billing practices. However, there has been no indictment issued to date and the OIG "cannot say" when the investigation will be concluded.

Following the seizure of its business records, Plaintiff filed for relief under Chapter 11 of the Bankruptcy Code. About one month later, Plaintiff filed this action entitled "Complaint to Compel Turnover of Property". On September 7, 1993, this Court granted Defendant's motion for mandatory withdrawal of the bankruptcy reference, pursuant to 28 U.S.C. § 157(d).

Although Plaintiff may review and photocopy its documents in the OIG's possession, it contends that such condition poses a hardship and is preventing it from billing its accounts receivables. Plaintiff also asserts that the continued impoundment of its records impedes its ability to conclude its bankruptcy proceeding and reorganize itself. Defendant contends that Plaintiff's points are

meritless and that allowing Plaintiff unlimited access to the records is adequate in this instance.

The only issue now before the Court is whether Plaintiff is entitled to the turnover of its business records which were seized prior to the time that Plaintiff filed for bankruptcy. Plaintiff seeks turnover pursuant to Title 11 U.S.C. § 542, as well as Rule 41(e) of the Federal Rules of Criminal Procedure.

## II. LEGAL STANDARDS

## III. DISCUSSION

### A. Title 11 U.S.C. § 542

Pursuant to Title 11 U.S.C. § 542(a),

an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under Section 363 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

■ A debtor is entitled to turnover of such property if (1) there is adequate protection for the creditor and (2) the debtor can prove that the assets are necessary to the reorganization of the debtor's company and that reorganization is viable. *Day Resources and Development Company, Inc. v. FIB of Idaho,* 21 B.R. 176, 178 (B.Ct.Idaho, 1982).

■ Here, Plaintiff contends that there is adequate protection for the government because the records will be billed out by Plaintiff, recorded on a ledger and the receipt of any monies will become part of Plaintiff's "viable reorganization plan". Therefore, the first prong of *Day Resources* has been met.

With respect to the second prong of *Day Resources,* Plaintiff submits that the "going concern value" of the documents is approximately $200,000.00 in uncollected accounts receivables and that, in order to collect such sum, it needs the seized documents. Plaintiff further asserts that one of the primary factors which forced it to file bankruptcy was its inability to collect on such accounts.

Plaintiff admits that it must prove to the Court that the seized assets are both necessary to the reorganization of its company, and that such reorganization is viable. The Court finds that Plaintiff has failed to submit such proof. Since Plaintiff has access to the documents, the Court is not persuaded that Plaintiff is unable to collect on its accounts receivables. Plaintiff need simply photocopy the relevant documents and bill such accounts. Similarly, with respect to the second prong of *Day Resources,* Plaintiff fails to provide the Court with any details as to its supposed "viable reorganization plan". There is absolutely no evidence before the Court that Plaintiff is able to reorganize itself, even if the Court granted its request for turnover.

### B. Rule 41(e)

■ Rule 41(e) provides in pertinent part that, "[A] person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property." In considering a preindictment Rule 41(e) motion, the Court should review several factors. These factors include: (1) whether the Government displayed a callous disregard to the constitutional rights of movant; (2) whether the movant has an individual interest in and need for the property he wants returned; (3) whether the movant would be irreparably harmed by the denial of the return of the property; and, (4) whether the movant has an adequate remedy at law for the redress of its grievances. *Ramsden v. United States,* 2 F.3d 322, 324–325 (9th Cir.1993).

■ In analyzing these four (4) factors, the Court finds that the government has not displayed a callous disregard for the constitutional rights of Plaintiff. However, while the Court acknowledges that Plaintiff has an individual interest in the property it wants returned, the Court finds that Plaintiff has not established that it has a need for the property nor that it will be irreparable harmed if the property is not returned. Plaintiff has failed to demonstrate that its access to the records is insufficient to allow it to collect its accounts receivables.

### C. Exceptions to Automatic Stay Provisions

Plaintiff additionally argues that Defendant's actions do not meet the narrow exceptions to the automatic stay provisions. The Court presumes that, by this argument, Plaintiff is referring to the stay provisions of Title 11 U.S.C. § 362. However, the Court finds that Section 362 does not impose a stay in this instance since such section is not applicable to the seizure of Plaintiff's records. An ongoing investigation into Plaintiff's medicare billing practices falls within the rule announced in *Board of Governors v. McCorp Fin.*, 502 U.S. 32, 112 S.Ct. 459, 116 L.Ed.2d 358 (1991).

### IV. CONCLUSION

Based upon the foregoing, the Court GRANTS Defendant's motion for summary judgment and DENIES Plaintiff's motion for summary judgment.

IT IS SO ORDERED.